UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALLENN  PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-01280-TWP-MJD |
| | ) | |
| KEITH BUTTS, | ) | |
| JENNIFER FRENCH, | ) | |
| MICHAEL  THOMBLESON, | ) | |
| MISTY CECIL, | ) | |
| FARRAH OWENS, | ) | |
| A PETTY, | ) | |
| JUSTIN  UPCHURCH, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Allenn Peterson, an inmate at the New Castle Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his civil rights when he was terminated from his prison job. He alleges that he was terminated from his job as a library clerk because the computer server had been tampered with even though the defendants knew that Peterson was not the culprit.

Because Peterson is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly,* 550 U.S. at 555 & 557). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on this screening, certain claims will be dismissed while others will proceed.

Any claim that the defendants' actions violated Peterson's equal protection or due process rights under the Fourteenth Amendment or amounted to employment discrimination in violation of Title VII of the of the Civil Rights Act of 1964 must be **dismissed**. First, an inmate has no due process interest in a prison job. *See Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests. . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)); *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991). With respect to his Equal Protection and employment discrimination claims, Peterson has not alleged any facts that would raise the inference that the termination from his job was based on his membership in a protected class. *See Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) ("A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual."); *McGee v. Mayo*, 211 F. App'x 492, 494 (7th Cir. 2006) ("He does not suggest that the defendants confined him to his cell and kept him from working because of his membership in a protected group, and so his claims of equal protection and employment discrimination fail.") (citing *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998)). The bare

allegation that he "was treated less favorably than similarly situated workers outside his class" is in sufficient to raise his right to relief beyond a speculative level.

Next, any claim based on the assertion that the classification action violated Indiana Department of Correction policy must be **dismissed** because Peterson has identified no violation of his rights based on any alleged policy violation and the Court can ascertain none. *See Thompson v. City of Chicago,* 472 F.3d 444, 454 (7th Cir. 2006) (the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established).

In addition, any state law claim for intentional infliction of emotional distress must be **dismissed**. To establish a claim for intentional infliction of emotional distress, a plaintiff must prove that the defendant: (1) intentionally or recklessly (2) engaged in 'extreme and outrageous' conduct that (3) caused (4) severe emotional distress. *Doe v. Methodist Hospital,* 690 N.E.2d 681, 691 (Ind. 1997)). Indiana requires conduct that is so extreme that it "go[es] beyond all possible bounds of decency." *Bradley v. Hall*, 720 N.E.2d 747, 752-53 (Ind. Ct. App. 1999). "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id*. Here, Mr. Peterson has not alleged conduct that "goes beyond all possible bounds of decency." His allegations are based on the alleged termination of his prison job. These are not circumstances under which a reasonable fact finder would conclude that the defendants engaged in "extreme and outrageous" conduct.

Any claim against defendant Keith Butts must also be **dismissed** because those claims are based on defendant Butts' supervisory role as the Superintendent of the New Castle Correctional Facility, which is not enough to state a § 1983 violation. *Crowder v. Lash*, 687 F.2d 996, 1006 (7th

Cir. 1982); *Vance v. Rumsfeld*, 701 F.3d 193, 204, 2012 WL 5416500, 10 (7th Cir. 2012) (knowledge of subordinates' misconduct is not enough for liability).

The claim that defendants Thombleson and French have retaliated against Peterson for Peterson's filing of lawsuits **shall proceed**. Any claim against defendant Upchurch for retaliation is **dismissed** because Peterson does not adequately allege a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (*quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). The **clerk shall terminate** all defendants except Thombleson and French from the docket.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Thombleson and French in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 8/11/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALLENN  PETERSON
22855
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Michael Thombleson
Jennifer French
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362