UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ALLENN PETERSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:16-cv-01280-TWP-MJD |
| JENNIFER FRENCH, MICHAEL THOMBLESON, | ) |  |
| Defendants. | ) |  |

**Entry Granting Defendants' Motion for Summary Judgment
And Directing Entry of Final Judgment**

For the reasons set forth below, defendants Jennifer French and Michael Thombleson's motion for summary judgment, dkt. [29], is **granted**.

## I. Introduction

Plaintiff Allenn Peterson is an inmate in the New Castle Correctional Facility ("New Castle") in Indiana. In 2015, he had been employed as an offender law clerk in the facility's law library when he and all of the other offender law clerks lost their jobs following a prison administration inquiry into a perceived security threat. A law library computer server had been reconfigured to allow internet access, something prohibited by prison policy. Authorities conducted an investigation to identify who had reconfigured the server, but they were unable to determine which of the offender law clerks might have done so. Unable to identify the culprit, all fifteen to twenty-five offender law clerks lost their jobs. None were disciplined or otherwise sanctioned. Mr. Peterson believes that his job dismissal was actually a retaliatory move to punish him for bringing previous lawsuits against defendants. He filed this action asserting a violation of his First Amendment free speech rights.

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

## III. Undisputed Facts

Mr. Peterson was employed as an offender law clerk in the New Castle law library on a number of occasions. Computers in the law library are not connected to the internet. In the fall of 2015, a computer server was reconfigured to allow the computers to connect to the internet.

Officials conducted an investigation to identify who had reconfigured the server, but were unable to do so. All of the inmate law clerks, including Mr. Peterson, lost their law clerk positions, but none were disciplined.

Jennifer French and Michael Thombleson are New Castle employees. Mr. Thombleson is the supervisor of the New Castle education department. Ms. French is an Assistant Warden at New Castle. Both have supervisory authority of the law library. Mr. Peterson had previously sued both, and others, in this Court in case number 1:15-cv-00644-SEB-DKL, but the case was dismissed for failure to state a claim upon which relief can be granted without service having been made on defendants. In a state court lawsuit, Mr. Peterson again sued both defendants, and others, in Henry County, Indiana, Circuit Court case number 33C02-1312-PL-00069, in 2013. The suit ended with summary judgment granted for all defendants in December 2014, many months before the actions arose giving rise to this suit.

**IV. Analysis**

Mr. Peterson asserts that Ms. French and Mr. Thombleson fired him from his law clerk job in retaliation for his exercise of his First Amendment free speech rights, specifically his prior lawsuits against them. To establish a First Amendment retaliation claim, a plaintiff must prove that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future"; and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citation omitted)). At issue here is the third element – the causal connection.

Defendants show that Mr. Peterson was dismissed from his prison law clerk position as part of the dismissal of approximately fifteen offender law clerks. These dismissals were due to

3

security concerns after law library computers were found connected to the internet. This was a serious security issue, in the prison administration's view, and an investigation had been conducted. The person who reconfigured law library server to allow internet access was not identified, so all of the law clerks lost their jobs. Dkt. 31-1, ¶¶ 6-13, 19 (affidavit of defendant Thombleson); dkt. 31-2, ¶¶ 9-11, 15 (affidavit of defendant French). The decision to dismiss Mr. Peterson was not because of his First Amendment exercise, but because of the law library computer server reconfiguration. *Id.*

Mr. Peterson presents no evidence that defendants' reason for dismissing *him* was in retaliation for his having sued them. He suggests this, but has no evidence to contradict defendants' evidence on this point. The closest he comes with evidence to call into question defendants' motives is the affidavit of Offender Richard Ramsey. Dkt. 36-2. In his affidavit, Mr. Ramsey says that another person, library aide Misty Cecil, said that "Mrs. French and Mr. Thombleson did not want Peterson assisting anyone in the library, for the reason that he was suing them, (French and Thombleson)." *Id.*

This hearsay statement within the affidavit is somewhat contradicted by Ms. Cecil's answers to interrogatories, in which she acknowledges that defendants did not want Mr. Peterson working in the law library, but does not mention lawsuits. Dkt. 36-1 (Interrogatory Answers of Misty Cecil). Ms. Cecil also wrote that an October 30, 2015, meeting of library clerks was for the purpose of "re-class[ifying] all library clerks." Mr. Rodriguez's affidavit reporting what he says he heard Ms. Cecil say about what she heard defendants say is not admissible evidence. *Fed. R. Evid*. 802 (defining hearsay); *Fed. R. Civ. P*. 56(c)(4) (providing that summary judgment affidavit evidence should set out facts that would be admissible in evidence).

Some of the evidence provided by Mr. Peterson in opposition to summary judgment actually supports defendants' motion. In the affidavit of Offender Anthony Rodriguez, he states that he, Mr. Peterson, and numerous other offenders were called into a meeting with Ms. French and Mr. Thombleson and dismissed from their jobs for an alleged rule infraction concerning the server. Dkt. 36-3 (Affidavit of Anthony Rodriguez). This supports defendants' evidence that the reason for the dismissal of all of the law clerks was the issue with the computer server, and not retaliation directed at Mr. Peterson.

Offender Che Carter-Bey also provided sworn testimony by way of affidavit that repeated what Offender Rodriguez testified to. Dkt. 36-4 (Affidavit of Che Carter-Bey).

The Court holds that defendants have presented sufficient evidence of a non-retaliatory reason for dismissing Mr. Peterson from his law clerk job, and that Mr. Peterson has not provided evidence that contradicts defendants' evidence. *See Fed. R. Civ. P.* 56(c). Mr. Peterson was one of between fifteen and twenty-five law clerks dismissed at the same time because of the reconfiguration of the law library's computer server. Mr. Peterson's assertions that prison authorities could have discovered the identity of the person responsible if they had wanted to is a mere allegation unsupported by evidence.

Mr. Peterson also argued that he was not allowed to volunteer in the law library after his dismissal from his law clerk job. He contends that Ms. French's actions in removing him from his volunteer work demonstrates that the dismissal from his law clerk job was an improper retaliatory action. Under the circumstances described here, the Defendants' treatment of Mr. Peterson as a volunteer is understandable and does not refute defendants' evidence of the reason for the dismissal. If all of the law clerks were dismissed to keep them out of the library and away from the computer server, it is rational to not want the very same persons back in the library as

volunteers. The security concerns are the same, whether the offender is a paid law clerk or a volunteer.

## IV. Conclusion

No reasonable trier of fact could conclude that defendants dismissed plaintiff from his prison law library job because of his exercise of his First Amendment free speech rights. Defendants Jennifer French and Michael Thombleson's motion for summary judgment, dkt. [29], is **granted**. Because this resolves all claims against all defendants, Final Judgment shall now enter.

**IT IS SO ORDERED**.

Date: 3/19/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Allenn Peterson
22855
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Electronically Registered Counsel